UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULIA WILLIAMS,

    Plaintiff,

v.   Case No: 6:24-cv-1672-JSS-NWH

THE CITY OF DAYTONA BEACH
and THE HOUSING AUTHORITY
OF THE CITY OF DAYTONA
BEACH,

    Defendants.
_____/

## ORDER

Defendant, the City of Daytona Beach, moves to dismiss Plaintiff's amended complaint. (Dkt. 19.) Plaintiff opposes the motion. (Dkt. 33.) Upon consideration, for the reasons outlined below, the court denies the motion.

### BACKGROUND

Plaintiff, an African American woman, alleges that she worked as a property manager for Defendants, the Housing Authority of the City of Daytona Beach and the City of Daytona Beach. (Dkt. 14 at 5.) According to Plaintiff, she was never—in her more than twenty years of working for Defendants—suspended or issued a letter of reprimand. (*Id.*) Nevertheless, Plaintiff alleges, she was abruptly terminated, contrary to Defendants' "progressive disciplinary policy," based on her race and in retaliation

for reporting her supervisor's and Defendants' "discrimination based on race." (*Id.* at 13–14.)

Plaintiff initiated this lawsuit by filing a complaint against "the City of Daytona Beach D/B/A or A/K/A the Housing Authority of the City of Daytona Beach." (Dkt. 1 at 1.) She subsequently amended her complaint, naming the city and the housing authority as separate Defendants. (*See* Dkt. 14.) She brings four claims related to her employment with Defendants: discrimination and retaliation under Title VII, 42 U.S.C. §§ 2000e to 2000e-17, and violations of the due process and equal protection clauses of the Fourteenth Amendment related to her employment with Defendants. (Dkt. 14 at 17–28.) She sues Defendants as "a joint enterprise, . . . joint employers, and . . . agents of one another." (*Id.* at 3.) The city moves to dismiss arguing that the amended complaint fails to state a claim against it because it and the housing authority were separate entities. (*See* Dkt. 19.)

## APPLICABLE STANDARDS

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). To survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable" for the alleged misconduct. *Id.* While "detailed factual allegations" are not generally required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

The city's sole argument is that Plaintiff fails to plausibly allege facts sufficient to support her theory that the city and the housing authority constituted a joint enterprise or joint employers or otherwise acted as agents of one another, and that all of Plaintiff's claims should therefore be dismissed as to the city. (Dkt. 19 at 5–11.) The city argues that the housing authority and the city are separate government entities that enjoy a presumption that they are indeed separate and distinct. (*See id.* at 4–8.) *See Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1344 (11th Cir. 1999) (en banc) ("[W]here a state legislative body creates a public entity and declares it to be separate and distinct, that declaration should be entitled to a significant degree of deference, amounting to a presumption that the public entity is indeed separate and distinct for purposes of Title VII.").

To state a plausible claim for relief under Title VII, a plaintiff must plausibly allege that she was discriminated against by her employer. *See Llampallas v. Mini-Circuits, Inc.*, 163 F.3d 1236, 1244 (11th Cir. 1998). Similarly, a plaintiff may assert constitutional claims against her employer under 42 U.S.C. § 1983 to remedy "public

sector employment discrimination." *Johnson v. City of Fort Lauderdale*, 148 F.3d 1228, 1231 (11th Cir. 1998). "Title VII and section 1983 claims have the same elements where the claims are based on the same set of facts." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1275 n.5 (11th Cir. 2008).

The term "employer" is "accord[ed] a liberal construction . . . under Title VII." *Lyes*, 166 F.3d at 1341. As such, courts "sometimes look beyond the nominal independence of an entity and ask whether two or more ostensibly separate entities should be treated as a single, integrated enterprise when determining whether a plaintiff's 'employer' comes within the coverage of Title VII." *Id.* There are "three circumstances in which it is appropriate" to treat separate entities as a single enterprise, and each circumstance has a corresponding test. *Id.* First, the "single employer" or "integrated enterprise" test asks whether "two ostensibly separate entities are highly integrated with respect to ownership and operations." *Id.* (quotation omitted). Second, the "joint employer" test applies "where two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees." Third, the "agency" test looks to whether "an employer delegates sufficient control of some traditional rights over employees to a third party." *Id.*

Plaintiff alleges that the city exercised oversight and control over, and shared labor control with, the housing authority, (*id.* at 2–3), which the court accepts as true and construes in the light most favorable to her, *see Henley*, 945 F.3d at 1326. Further, "[w]hether an entity 'retained sufficient control [to render it a joint employer] is

essentially a factual question.'" *Wilborn v. S. Union State Cmty. Coll.*, 720 F. Supp. 2d 1274, 1295 (M.D. Ala. 2010) (quoting *Virgo v. Riviera Beach Assocs.*, 30 F.3d 1350, 1360 (11th Cir. 1994)).  For this reason, courts routinely hold that a joint employer determination is appropriately reserved for the summary judgment stage after the parties have had an opportunity to engage in discovery.  *See Goodrich v. Covelli Fam. Ltd. P'ship*, No. 8:11-CV-1715-T-33TBM, 2012 WL 921493, at *2 (M.D. Fla. Mar. 19, 2012) (noting that joint employment is a "fact-intensive issue" better resolved "at the summary judgment stage[] after giving the parties the opportunity to conduct discovery"); *see also Perez v. Little It. Pizzeria*, No. 2:18-CV-192-RWS-JCF, 2019 WL 13413354, at *7 (N.D. Ga. Apr. 26, 2019) (concluding that allegations that the defendant "shared operations, employees, supplies, and a common logo with" other defendants was sufficient to allege a joint employment relationship and collecting cases).

The city argues that it and the housing authority are presumptively separate as a matter of law.  (Dkt. 19 at 8–10.)  *See Lyes*, 166 F.3d at 1345 ("[W]hen assessing whether multiple governmental entities are a single 'employer' under Title VII, [the court] begin[s] with the presumption that governmental subdivisions denominated as separate and distinct under state law should not be aggregated for purposes of Title VII.").  The city cites various Florida statutes to support this argument.  (*See* Dkt. 19 at 4–5.)  *See* Fla. Stat. § 421.04(1) ("In each city . . . there is hereby created a public body corporate and politic to be known as the 'Housing Authority' of the city . . . ."); *id.* § 421.08 (granting housing authorities certain "[p]owers of authority," including

"all the powers necessary or convenient to carry out and effectuate" the public housing statutes, as well as the power "[t]o sue and be sued"); *id.* § 421.23 (stating that housing authorities shall bear their own "liabilities, whether ex contractu or ex delicto, . . . arising from the operation of their housing projects"). The city also asserts that while the city's mayor appoints members of the housing authority's board of commissioners with the city commission's approval, "the [c]ity does not exercise any other control over the operation of the [h]ousing [a]uthority." (Dkt. 19 at 5.) The statute the city cites does not expressly support this proposition. *See* Fla. Stat. § 421.05. Even if Defendants are entitled to this presumption of separation, the *Lyes* court held that the presumption could "be rebutted by evidence establishing that a governmental entity was structured with the purpose of evading the reach of federal employment discrimination law" or evidence "manifestly indicating that the public entities are so closely interrelated with respect to control of the fundamental aspects of the employment relationship that they should be" treated as one under Title VII. 166 F.3d at 1345. Because these inquiries are factual, they are better reserved for the summary judgment stage. *See id.* ("[T]he standard is whether the *fact*[]*finder* reasonably could conclude the plaintiff has clearly overcome the presumption." (emphasis altered)).

Accordingly, the city's motion to dismiss (Dkt. 19) is **DENIED**.

**ORDERED** in Orlando, Florida, on July 24, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record